IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>         Plaintiff,                             )<br>                                                          )<br>vs.                                                    )         Case No. 13-cr-40059-001-JPG<br>                                                          )<br>DUSTIN J. LOWE,                          )<br>Reg. No. 10260-025,                     )<br>                                                          )<br>         Defendant.                         ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 91). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant Dustin J. Lowe was eligible for application of the 2014 retroactive guideline amendment.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Defendant a reduction because he cannot satisfy the first criterion. As outlined in the Motion to Withdraw, the Defendant was not "sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts; however, Defendant's sentence as originally received cannot be lowered for the reasons stated in the Motion to Withdraw. Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because the Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant a reduction request. *See Taylor*, 778 F.3d at 762. The Government filed a response (Doc. 93) to Counsel's Motion to Withdraw concurring with the reasons set out by Assistance Federal Public Defender Judith A. Kuenneke. As such, Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 91) is **GRANTED**. The Clerk of Court is **DIRECTED** to send a copy of this order to the Defendant.

    **IT IS SO ORDERED.**

    **DATED:**  9/28/2015

                                                                       *s/J. Phil Gilbert*
                                                                       **J. PHIL GILBERT**
                                                                       **DISTRICT JUDGE**